**FILED - GR**

May 14, 2007 9:45 AM

RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _____ / _____

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

ALTICOR INC., a Michigan corporation,
AMWAY CORPORATION, a Delaware
corporation, and QUIXTAR INC., a Virginia
corporation,

                Plaintiffs and Counterdefendants,

    v.

NCR CORPORATION, a Maryland corporation,

           Defendant and Counterclaimant.

)
)
)
)
)
)
)
)
)
)
)

Case No. 1:07 CV 0262

Judge: Richard Alan Enslen

## ANSWER AND COUNTERCLAIMS

## DEMAND FOR JURY TRIAL

Defendant NCR Corporation ("Defendant" or "NCR"), for its Answer and Counterclaims to the Complaint filed March 16, 2007, (the "Complaint") of Alticor Inc. ("Alticor"), Amway Corporation ("Amway"), and Quixtar Inc. ("Quixtar") (referred to collectively, below, as "Plaintiffs"), states as follows:

### PARTIES

1.      Upon information and belief, NCR admits that Alticor is a Michigan Corporation with its principal place of business in Ada, Michigan.

2.      Upon information and belief, NCR admits that Amway is a Delaware Corporation with its principal place of business in Ada, Michigan.

3.      Upon information and belief, NCR admits that Quixtar is a Virginia Corporation with its principal place of business in Ada, Michigan.

4.      NCR admits that it is a Maryland corporation with a principal place of business in Dayton, Ohio. NCR also admits that it is the assignee of the patents listed in paragraph 24 of the Complaint (the "NCR Patents").

## JURISDICTION

5.      NCR admits that the Federal Declaratory Judgment Act is codified at 28 U.S.C. §§ 2201 and 2202 and that the patent laws of the United States are codified at 35 U.S.C. §1, et seq.  NCR admits that in this action Plaintiffs seeks a declaration that the NCR Patents are not infringed, are not invalid, and are not enforceable against the Plaintiffs.  To the extent that paragraph 5 of the Complaint contains any averments, NCR denies same.

6.      NCR admits the averments of paragraph 6 of the Complaint.

7.      NCR admits that it consents to the Court's personal jurisdiction over NCR, but states that the final clause of first sentence of the paragraph states a legal conclusion that NCR is not required to either admit or deny pursuant to the Federal Rules of Civil Procedure.  NCR admits that it conducts or solicits business within this district and other parts of Michigan, but denies the remainder of the averments of the second sentence of paragraph 7 of the Complaint.

## VENUE

8.      NCR admits that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b) and (c).

## GENERAL ALLEGATIONS

9.      Upon information and belief, NCR admits that Alticor is a direct parent company of Amway and an indirect parent company of Quixtar.

10.     NCR is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 10 of the Complaint and on that basis denies same.

11.     NCR denies that the May 26, 2005, letter attached as Exhibit 1 to Plaintiffs' Complaint set a short deadline for settlement, with regard to the truth of the averments purporting to paraphrase and quote from said letter, respectfully refers the

- 2 -

Court to Exhibit 1 to the Complaint, the text of which speaks for itself, and admits the remaining averments of paragraph 11 of the Complaint.

12. NCR admits the averments of paragraph 12 of the Complaint and respectfully refers the Court to Exhibit 2 to the Complaint, the text of which speaks for itself.

13. NCR admits the averments of paragraph 13 of the Complaint and respectfully refers the Court to Exhibit 3 to the Complaint, the text of which speaks for itself.

14. NCR is without knowledge or information sufficient to form a belief as to the truth of the averments of the first sentence of paragraph 14 of the Complaint and on that basis denies same. NCR denies the averments of the second sentence of paragraph 14 of the Complaint. NCR admits the averments of the remaining sentences of paragraph 14 of the Complaint and respectfully refers the Court Exhibit 4 to the Complaint, the text of which speaks for itself.

15. NCR admits that on or about November 10, 2005, counsel for Quixtar met with former Senior Patent Counsel for NCR at NCR's headquarters in Dayton, Ohio. NCR is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 15 of the Complaint and on that basis denies same.

16. NCR admits that some time passed before the parties continued their discussions. NCR is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 16 of the Complaint and on that basis denies same.

17. NCR admits that outside counsel for NCR addressed the issue of the NCR Patents in a letter dated March 28, 2006, and with regard to the truth of the averments purporting to paraphrase and quote from said letter, respectfully refers the Court to Exhibit 5 to the Complaint, the text of which speaks for itself. NCR admits the

- 3 -

averments of the final sentence of paragraph 17 of the Complaint, but denies the remaining averments of the paragraph 17 of the Complaint.

18.    NCR admits that Quixtar's counsel contacted NCR's outside counsel by letter dated March 31, 2006, and with regard to the averments purporting to paraphrase and quote from said letter respectfully refers the Court to Exhibit 6 to the Complaint, the text of which speaks for itself.

19.    NCR admits the averments of paragraph 19 of Plaintiffs' Complaint.

20.    NCR admits that some time did pass before NCR again contacted Quixtar. NCR is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 20 of the Complaint and on that basis denies same.

21.    NCR admits that NCR's outside counsel contacted Quixtar's counsel by letter dated November 14, 2006, and with regard to the truth of the averments purporting to paraphrase and quote from said letter, respectfully refers the Court to Exhibit 7 to the Complaint, the text of which speaks for itself.

22.    NCR admits that Quixtar responded by letter dated December 14, 2006, and with regard to the truth of the averments purporting to paraphrase and quote from said letter, respectfully refers the Court to Exhibit 8 to the Complaint, the text of which speaks for itself.

23.    NCR admits the averments of paragraph 23 of the Complaint.

24.    NCR admits that it filed a patent infringement lawsuit against Plaintiffs in the United States District Court for the Northern District of Illinois (the "Illinois Action"). NCR denies that it filed the Illinois action unilaterally and without warning. NCR admits the remaining averments in paragraph 24 of the Complaint.

25.    NCR admits the averments of paragraph 25 of the Complaint.

26.    NCR denies the averments of the first, third, and fourth sentences of paragraph 26 of the Complaint. NCR is without knowledge or information sufficient to

- 4 -

form a belief as to the truth of the averments of the second sentence of paragraph 26 of the Complaint and on that basis denies same.

27. NCR admits that alleged acts of infringement occurred in this district. NCR is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 27 of the Complaint and on that basis denies same.

28. NCR admits that Plaintiffs filed the motions described in the averments of the first two sentences of paragraph 28 of the Complaint. NCR admits the averments of the final sentence of paragraph 28 of the Complaint.

29. NCR denies the averments of paragraph 29 of the Complaint.

30. NCR denies the averments of paragraph 30 of the Complaint.

31. NCR admits that the averments of paragraph 31 of the Complaint.

## FIRST CLAIM FOR RELIEF
(For Declaratory Judgment as to the '496 Patent)

32. NCR responds to the averments incorporated by reference in paragraph 32 of the Complaint by hereby incorporating its responses as set forth above in paragraphs 1-31 above as if set forth herein in full.

33. NCR denies the averments of paragraph 33 of the Complaint.

## SECOND CLAIM FOR RELIEF
(For Declaratory Judgment as to the '643 Patent)

34. NCR responds to the averments incorporated by reference in paragraph 34 of the Complaint by hereby incorporating its responses as set forth above in paragraphs 1-33 above as if set forth herein in full.

35. NCR denies the averments of paragraph 35 of the Complaint.

## THIRD CLAIM FOR RELIEF
(For Declaratory Judgment as to the '791 Patent)

36.     NCR responds to the averments incorporated by reference in paragraph 36

of the Complaint by hereby incorporating its responses as set forth above in paragraphs 1-

35 above as if set forth herein in full.

37.     NCR denies the averments of paragraph 37 of the Complaint.

## FOURTH CLAIM FOR RELIEF
(For Declaratory Judgment as to the '403 Patent)

38.     NCR responds to the averments incorporated by reference in paragraph 38

of the Complaint by hereby incorporating its responses as set forth above in paragraphs 1-

37 above as if set forth herein in full.

39.     NCR denies the averments of paragraph 39 of the Complaint.

## FIFTH CLAIM FOR RELIEF
(For Declaratory Judgment as to the '997 Patent)

40.     NCR responds to the averments incorporated by reference in paragraph 39

of the Complaint by hereby incorporating its responses as set forth above in paragraphs 1-

39 above as if set forth herein in full.

41.     NCR denies the averments of paragraph 41 of the Complaint.

## SIXTH CLAIM FOR RELIEF
(For Declaratory Judgment as to the '203 Patent)

42.     NCR responds to the averments incorporated by reference in paragraph 42

of the Complaint by hereby incorporating its responses as set forth above in paragraphs 1-

41 above as if set forth herein in full.

43.     NCR denies the averments of paragraph 43 of the Complaint.

## SEVENTH CLAIM FOR RELIEF
(For Declaratory Judgment as to the '855 Patent)

44.     NCR responds to the averments incorporated by reference in paragraph 44 of the Complaint by hereby incorporating its responses as set forth above in paragraphs 1-43 above as if set forth herein in full.

45.     NCR denies the averments of paragraph 45 of the Complaint.

## EIGHT CLAIM FOR RELIEF
(For Declaratory Judgment as to the '096 Patent)

46.     NCR responds to the averments incorporated by reference in paragraph 46 of the Complaint by hereby incorporating its responses as set forth above in paragraphs 1-45 above as if set forth herein in full.

47.     NCR denies the averments of paragraph 47 of the Complaint.

## NINTH CLAIM FOR RELIEF
(For Declaratory Judgment as to the '791 Patent)

48.     NCR responds to the averments incorporated by reference in paragraph 48 of the Complaint by hereby incorporating its responses as set forth above in paragraphs 1-47 above as if set forth herein in full.

49.     NCR denies the averments of paragraph 49 of the Complaint.

## PRAYER FOR RELIEF

50.     The Prayer for Relief set forth in the Complaint following paragraph 49 does not contain any averments that NCR is required to either admit or deny pursuant to the Federal Rules of Civil Procedure.  Alternatively, to the extent there are any averments contained in Plaintiffs' Prayer for Relief, NCR hereby denies same.

51.     Except as specifically admitted above, all averments contained in the Complaint are hereby denied.

52.     NCR reserves the right to assert additional defenses or affirmative defenses as the bases for such defenses are learned through discovery.

## COUNTERCLAIMS

Defendant and Counterclaimant, NCR, for its counterclaims against Plaintiffs and Counterdefendants Alticor, Amway, and Quixtar, states as follows:

## STATEMENT OF FACTS

53.  The averments admitted by NCR above as part of NCR's Answer to Plaintiffs' Complaint in paragraphs 1-52 above are incorporated herein by reference as if set forth in full.

### Nature Of Action

54.  This action generally arises out of the patent infringement by Counterdefendants pursuant to the United States Patent Act, 35 U.S.C. §§ 1, et seq.

### Parties

55.  The parties to this action set forth in the Answer at paragraphs 1 through 4, above, are hereby incorporated by reference as if set forth herein in full.

### Jurisdiction

56.  The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1338(a) and 1331.  This Court has original jurisdiction over this matter as it presents a federal question arising under the patent laws of the United States Patent Act, 35 U.S.C. § 271.

### Venue

57.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Upon information and belief, Counterdefendants reside in this judicial district and conduct business on a regular basis in this district.  Furthermore, Counterdefendants have directly or indirectly infringed the NCR Patents (defined in paragraph 58, below) in this district.

### Factual Background

58.  Counterclaimant NCR is the owner by assignment of the following patents (referred to collectively, below, as the "NCR Patents"):

a.  U.S. Patent No. 5,832,496 (the "'496 Patent"), issued on November 3, 1998, entitled "System and Method for Performing Intelligent Analysis of a Computer Database", attached to the Complaint as Exhibit 9-A;

b.  U.S. Patent No. 5,951,643 (the "'643 Patent"), issued on September 14, 1999, entitled "Mechanism for Dependably Organizing and Managing Information for Web Synchronization and Tracking among Multiple Browsers", attached to the Complaint as Exhibit 9-B;

c.  U.S. Patent No. 5,991,791 (the "'791 Patent"), issued on November 23, 1999, entitled "Security Aspects Of Computer Resource Repositories", attached to the Complaint as Exhibit 9-C;

d.  U.S. Patent No. 6,026,403 (the "'403 Patent"), issued on February 15, 2000, entitled "Computer System for Management of Resources", attached to the Complaint as Exhibit 9-D;

e.  U.S. Patent No. 6,169,997 (the "'997 Patent"), issued on January 2, 2001, entitled "Method and Apparatus For Forming Subject (Context) Map and Presenting Internet Data According To the Subject Map", attached to the Complaint as Exhibit 9-E;

f.  U.S. Patent No. 6,253,203 (the "'203 Patent"), issued on June 26, 2001, entitled "Privacy-Enhanced Database", attached to the Complaint as Exhibit 9-F;

g.  U.S. Patent No. 6,480,855 (the "'855 Patent"), issued on November 12, 2002, entitled "Managing A Resource On A Network

> Where Each Resource Has An Associated Profile With An Image",
> attached to the Complaint as Exhibit 9-G;
>
> h.  U.S. Patent No. 6,502,096 (the "'096 Patent"), issued on December 31,
>     2002, entitled "Computerized Asset Management System", attached to
>     the Complaint as Exhibit 9-H; and
>
> i.  U.S. Patent No. 6,714,931 (the "'931 Patent"), issued on March 30,
>     2004, entitled "Method and Apparatus for Forming User Session and
>     Presenting Internet Data According to the User Sessions", attached to
>     the Complaint as Exhibit 9-I.

59.    Counterdefendants own and operate directly or indirectly a website at the
Internet address www.quixtar.com (the "Website").

60.    Counterdefendants, by their design, manufacture or construction of the
Website and/or the supporting systems, and/or by its use and operation of the Website,
and/or by performing certain methods in connection with the operation of the Website,
has infringed and continues to infringe one or more claims of each of the NCR Patents.
The Website, including the system or systems, including hardware, data, firmware, and
software, that constitute the Website or make the operation of the Website possible, are
referred to herein as the "Accused System."

## FIRST COUNTERCLAIM FOR RELIEF
(Infringement of the '496 Patent)

61.    Counterclaimant NCR incorporates by reference the factual allegations set
forth in paragraphs 1-60 above as if set forth herein in full.

62.    Counterclaimant NCR states that, to the best of its knowledge,
information, and belief, formed after an inquiry reasonable under the circumstances, it
will likely be able to fully prove after a reasonable opportunity for further investigation or
discovery that:

- 10 -

(a)     In violation of 35 U.S.C. § 271(a), (b) and/or (c), Counterdefendants have infringed and are infringing the '496 Patent by making, using, selling, or offering to sell the Accused System protected by one or more claims of the '496 Patent, and/or have induced or contributed to infringement of the '496 Patent;

(b)     The infringement by Counterdefendants of NCR's '496 Patent as set forth herein has been and is deliberate and wilful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

(c)     The infringement by Counterdefendants of NCR's '496 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

### SECOND COUNTERCLAIM FOR RELIEF
(Infringement of the '643 Patent)

63.     Counterclaimant NCR incorporates by reference the factual allegations set forth in paragraphs 1-62 above as if set forth herein in full.

64.     Counterclaimant NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a)     In violation of 35 U.S.C. § 271(a), (b) and/or (c), Counterdefendants have infringed and are infringing the '643 Patent by making, using, selling, or offering to sell the Accused System protected by one or more claims of the '643 Patent, and/or have induced or contributed to infringement of the '643 Patent;

(b)     The infringement by Counterdefendants of NCR's '643 Patent as set forth herein has been and is deliberate and wilful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

(c)     The infringement by Counterdefendants of NCR's '643 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

### THIRD COUNTERCLAIM FOR RELIEF
(Infringement of the '791 Patent)

65.     Counterclaimant NCR incorporates by reference the factual allegations set forth in paragraphs 1-64 above as if set forth herein in full.

66.     Counterclaimant NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a)     In violation of 35 U.S.C. § 271(a), (b) and/or (c), Counterdefendants infringe and are infringing the '791 Patent by making, using, selling, or offering to sell the Accused System protected by one or more claims of the '791 Patent, and/or have induced or contributed to infringement of the '791 Patent;

(b)     The infringement by Counterdefendants of NCR's '791 Patent as set forth herein has been and is deliberate and wilful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

(c)     The infringement by Counterdefendants of NCR's '791 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

### FOURTH COUNTERCLAIM FOR RELIEF
(Infringement of the '403 Patent)

67.     Counterclaimant NCR incorporates by reference the factual allegations set forth in paragraphs 1-66 above as if set forth herein in full.

68. Counterclaimant NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

> (a) In violation of 35 U.S.C. § 271(a), (b) and/or (c), Counterdefendants have infringed and are infringing the '403 Patent by making, using, selling, or offering to sell the Accused System protected by one or more claims of the '403 Patent, and/or have induced or contributed to infringement of the '403 Patent;
>
> (b) The infringement by Counterdefendants of NCR's '403 Patent as set forth herein has been and is deliberate and wilful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and
>
> (c) The infringement by Counterdefendants of NCR's '403 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

## FIFTH COUNTERCLAIM FOR RELIEF
(Infringement of the '997 Patent)

69. Counterclaimant NCR incorporates by reference the factual allegations set forth in paragraphs 1-68 above as if set forth herein in full.

70. Counterclaimant NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

> (a) In violation of 35 U.S.C. § 271(a), (b) and/or (c), Counterdefendants have infringed and are infringing the '997 Patent by making, using, selling, or offering to sell the Accused System protected by

- 13 -

one or more claims of the '997 Patent, and/or have induced or contributed to infringement of the '997 Patent;

(b)     The infringement by Counterdefendants of NCR's '997 Patent as set forth herein has been and is deliberate and wilful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

(c)     The infringement by Counterdefendants of NCR's '997 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

### SIXTH COUNTERCLAIM FOR RELIEF
(Infringement of the '203 Patent)

71.     Counterclaimant NCR incorporates by reference the factual allegations set forth in paragraphs 1-70 above as if set forth herein in full.

72.     Counterclaimant NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a)     In violation of 35 U.S.C. § 271(a), (b) and/or (c), Counterdefendants have infringed and are infringing the '203 Patent by making, using, selling, or offering to sell the Accused System protected by one or more claims of the '203 Patent, and/or have induced or contributed to infringement of the '203 Patent;

(b)     The infringement by Counterdefendants of NCR's '203 Patent as set forth herein has been and is deliberate and wilful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

(c)     The infringement by Counterdefendants of NCR's '203 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

## SEVENTH COUNTERCLAIM FOR RELIEF
(Infringement of the '855 Patent)

73.     Counterclaimant NCR incorporates by reference the factual allegations set forth in paragraphs 1-72 above as if set forth herein in full.

74.     Counterclaimant NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

> (a)     In violation of 35 U.S.C. § 271(a), (b) and/or (c), Counterdefendants have infringed and are infringing the '855 Patent by making, using, selling, or offering to sell the Accused System protected by one or more claims of the '855 Patent, and/or have induced or contributed to infringement of the '855 Patent;
>
> (b)     The infringement by Counterdefendants of NCR's '855 Patent as set forth herein has been and is deliberate and wilful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and
>
> (c)     The infringement by Counterdefendants of NCR's '855 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

## EIGHTH COUNTERCLAIM FOR RELIEF
(Infringement of the '096 Patent)

75.     Counterclaimant NCR incorporates by reference the factual allegations set forth in paragraphs 1-74 above as if set forth herein in full.

76.     Counterclaimant NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a) In violation of 35 U.S.C. § 271(a), (b) and/or (c), Counterdefendants have infringed and are infringing the '096 Patent by making, using, selling, or offering to sell the Accused System protected by one or more claims of the '096 Patent, and/or have induced or contributed to infringement of the '096 Patent;

(b) The infringement by Counterdefendants of NCR's '096 Patent as set forth herein has been and is deliberate and wilful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

(c) The infringement by Counterdefendants of NCR's '096 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

## NINTH COUNTERCLAIM FOR RELIEF
(Infringement of the '931 Patent)

77. Counterclaimant NCR incorporates by reference the factual allegations set forth in paragraphs 1-76 above as if set forth herein in full.

78. Counterclaimant NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a) In violation of 35 U.S.C. § 271(a), (b) and/or (c), Counterdefendants have infringed and are infringing the '931 Patent by making, using, selling, or offering to sell the Accused System protected by one or more claims of the '931 Patent, and/or have induced or contributed to infringement of the '931 Patent;

(b) The infringement by Counterdefendants of NCR's '931 Patent as set forth herein has been and is deliberate and wilful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

(c)     The infringement by Counterdefendants of NCR's '931 Patent has
caused and will continue to cause NCR monetary damage and irreparable
harm for which it has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, NCR requests judgment:

(a)     That each of the NCR Patents, and claim thereof, are valid and
enforceable;

(b)     That Counterdefendants have infringed one or more claim of each of the
NCR Patents and that their infringement has been willful;

(c)     That NCR has been irreparably harmed by the infringing activities of
Counterdefendants;

(d)     That Counterdefendants, their officers, agents, servants, employees and
those persons in active concert or participation with any of them, as well as all successors
or assignees of the interests or assets related to the Accused Systems, be permanently
enjoined from further infringement of the NCR Patents;

(e)     That an accounting be had for the damages caused to NCR by the
infringing activities of Counterdefendants;

(f)     That NCR be awarded damages adequate to compensate for the
infringement by Counterdefendants, which shall include lost profits but in no event shall
be less than a reasonable royalty for the use made of the inventions of the NCR Patents
by Counterdefendants, including pre- and post-judgment interest, and costs, including
expenses;

(g)     That, once actual damages are assessed, damages so ascertained be trebled
in view of the willful and deliberate nature of the infringement and be awarded to NCR,
with interest;

- 17 -

(h)     That this be declared an exceptional case and that NCR be awarded its attorneys' fees; and

(i)     That NCR be awarded such further necessary or proper relief as this Court may deem just.

## JURY DEMAND

Under Rule 38(b) of the Federal Rules of Civil Procedure, Defendant and Counterclaimant NCR hereby demands trial by jury on all issues triable to a jury.

Dated:  May 11, 2007                        ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
PAUL R. GUPTA
CLIFFORD R. MICHEL
666 Fifth Avenue
New York, NY 10103
TEL: 212-506-5000
FAX: 212-506-5151
pgupta@orrick.com
cmichel@orrick.com

Attorneys for Defendant and Counterclaimant
NCR CORPORATION

- 18 -