**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

ALTICOR INC., a Michigan corporation,　　　　)
AMWAY CORPORATION, a Delaware　　　　　)
corporation, and QUIXTAR INC., a Virginia　　　)
corporation,　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　) Civil Action No. 1:07 CV 0262
　　　　　Plaintiffs and Counterdefendants,　　)
　　　　　　　　　　　　　　　　　　　　　) Judge: Richard Alan Enslen
　　　v.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　) **REPLY TO COUNTERCLAIMS**
NCR CORPORATION, a Maryland corporation,　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　Defendant and Counterclaimant.　　　) **DEMAND FOR JURY TRIAL**


## PLAINTIFFS' REPLY TO COUNTERCLAIMS

Plaintiffs, Alticor Inc. ("Alticor"), Amway Corporation ("Amway"), and Quixtar Inc. ("Quixtar"), reply to NCR Corporation's ("NCR") Counterclaims, as set forth below.  To the extent any response to the conclusory headings used in the Counterclaims may be deemed required, Plaintiffs deny any allegations set forth in those headings.  Plaintiffs deny any allegation not deemed to be addressed below, if any, to the extent that the allegation is deemed to require a response.


## NCR'S COUNTERCLAIMS


## STATEMENT OF FACTS

53.　　　The averments admitted by NCR above as part of NCR's Answer to Plaintiffs' Complaint in paragraphs 1-52 above are incorporated herein by reference as if set forth in full.

**REPLY:**　　　　　To the extent that there are any averments contained in paragraphs 1-52 of NCR's Answer to Plaintiffs' Complaint, Plaintiffs deny the same.

**Nature Of Action**

54.     This action generally arises out of the patent infringement by Counterdefendants pursuant to the United States Patent Act, 35 U.S.C. §§ 1, et seq.

**REPLY:**     Plaintiffs admit that this action arises under the United States Patent Act, 35 U.S.C. §§ 1, et seq.  Plaintiffs deny the remaining allegations of this paragraph.

**Parties**

55.     The parties to this action set forth in the Answer at paragraphs 1 through 4, above, are hereby incorporated by reference as if set forth herein in full.

**REPLY:**     Admitted.

**Jurisdiction**

56.     The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1338(a) and 1331.  This Court has original jurisdiction over this matter as it presents a federal question arising under the patent laws of the United States Patent Act, 35 U.S.C. § 271.

**REPLY:**     Admitted.

**Venue**

57.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Upon information and belief, Counterdefendants reside in this judicial district and conduct business on a regular basis in this district.  Furthermore, Counterdefendants have directly or indirectly infringed the NCR Patents (defined in paragraph 58, below) in this district.

**REPLY:**     Plaintiffs admit, for purposes of this action, that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Plaintiffs admit that they conduct business in this district.  Plaintiffs deny the remaining allegations of this paragraph.

## Factual Background

58.     Counterclaimant NCR is the owner by assignment of the following patents (referred to collectively, below, as the "NCR Patents"):

a.     U.S. Patent No. 5,832,496 (the "'496 Patent"), issued on November 3, 1998, entitled "System and Method for Performing Intelligent Analysis of a Computer Database", attached to the Complaint as Exhibit 9-A;

**REPLY:**     Plaintiffs admit that a copy of the '496 patent is attached to the Complaint as Exhibit 9-A.  Plaintiffs admit that the '496 patent bears the title "System and Method for Performing Intelligent Analysis of a Computer Database" and bears on its face an issue date of November 3, 1998.  Plaintiffs deny the remaining allegations of this paragraph.

b.     U.S. Patent No. 5,951,643 (the "'643 Patent"), issued on September 14, 1999, entitled "Mechanism for Dependably Organizing and Managing Information for Web Synchronization and Tracking among Multiple Browsers", attached to the Complaint as Exhibit 9-B;

**REPLY:**     Plaintiffs admit that a copy of the '643 patent is attached to the Complaint as Exhibit 9-B.  Plaintiffs admit that the '643 patent bears the title "Mechanism for Dependably Organizing and Managing Information for Web Synchronization and Tracking among Multiple

Browsers" and bears on its face an issue date of September 14, 1999.  Plaintiffs deny the remaining allegations of this paragraph.

      c.    U.S. Patent No. 5,991,791 (the "'791 Patent"), issued on November 23, 1999, entitled "Security Aspects of Computer Resource Repositories", attached to the Complaint as Exhibit 9-C;

**<u>REPLY:</u>**    Plaintiffs admit that a copy of the '791 patent is attached to the Complaint as Exhibit 9-C.  Plaintiffs admit that the '791 patent bears the title "Security Aspects of Computer Resource Repositories" and bears on its face an issue date of "November 23, 1999." Plaintiffs deny the remaining allegations of this paragraph.

      d.    U.S. Patent No. 6,026,403 (the "'403 Patent"), issued on February 15, 2000, entitled "Computer System for Management of Resources", attached to the Complaint Exhibit 9-D;

**<u>REPLY:</u>**    Plaintiffs admit that a copy of the '403 patent is attached to the Complaint as Exhibit 9-D.  Plaintiffs admit that the '403 patent bears the title "Computer System for Management of Resources" and bears on its face an issue date of February 15, 2000.  Plaintiffs deny the remaining allegations of this paragraph.

      e.    U.S. Patent No. 6,169,997 (the "'997 Patent"), issued on January 2, 2001, entitled "Method and Apparatus for Forming Subject (Context) Map and Presenting Internet Data According to the Subject Map", attached to the Complaint as Exhibit 9-E;

**REPLY:**        Plaintiffs admit that a copy of the '997 patent is attached to the Complaint as Exhibit 9-E.  Plaintiffs admit that the '997 patent bears the title "Method and Apparatus for Forming Subject (Context) Map and Presenting Internet Data According to the Subject Map" and bears on its face an issue date of January 2, 2001.  Plaintiffs deny the remaining allegations of this paragraph.

f.        U.S. Patent No. 6,253,203 (the "'203 Patent"), issued on June 26, 2001, entitled "Privacy-Enhanced Database", attached to the Complaint as Exhibit 9-F;

**REPLY:**        Plaintiffs admit that a copy of the '203 patent is attached to the Complaint as Exhibit 9-F.  Plaintiffs admit that the '203 patent bears the title "Privacy-Enhanced Database" and bears on its face an issue date of June 26, 2001.  Plaintiffs deny the remaining allegations of this paragraph.

g.        U.S. Patent No. 6,480,855 (the "'855 Patent"), issued on November 12, 2002, entitled "Managing a Resource on a Network where Each Resource Has an Associated Profile with an Image", attached to the Complaint as Exhibit 9-G;

**REPLY:**        Plaintiffs admit that a copy of the '855 patent is attached to the Complaint as Exhibit 9-G.  Plaintiffs admit that the '855 patent bears the title "Managing a Resource on a Network where Each Resource Has an Associated Profile with an Image" and bears on its face an issue date of November 12, 2002.  Plaintiffs deny the remaining allegations of this paragraph.

h.     U.S. Patent No. 6,502,096 (the "'096 Patent"), issued on December 31, 2002, entitled "Computerized Asset Management System", attached to the Complaint as Exhibit 9-H; and

**REPLY:**     Plaintiffs admit that a copy of the '096 patent is attached to the Complaint as Exhibit 9-H.  Plaintiffs admit that the '096 patent bears the title "Computerized Asset Management System" and bears on its face an issue date of December 31, 2002.  Plaintiffs deny the remaining allegations of this paragraph.

i.     U.S. Patent No. 6,714,931 (the "'931 Patent"), issued on March 30, 2004, entitled "Method and Apparatus for Forming User Sessions and Presenting Internet Data According to the User Sessions", attached to the Complaint as Exhibit 9-I.

**REPLY:**     Plaintiffs admit that a copy of the '931 patent is attached to the Complaint as Exhibit 9-I.  Plaintiffs admit that the '931 patent bears the title "Method and Apparatus for Forming User Sessions and Presenting Internet Data According to the User Sessions" and bears on its face an issue date of March 30, 2004.  Plaintiffs deny the remaining allegations of this paragraph.

59.     Counterdefendants own and operate directly or indirectly a website at the Internet address www.quixtar.com (the "Website").

**REPLY:**     Quixtar admits that it owns and operates a website at the Internet address www.quixtar.com.  Plaintiffs deny the remaining allegations of this paragraph.

60.     Counterdefendants, by their design, manufacture or construction of the Website and/or supporting systems, and/or by its use and operation of the Website, and/or by performing certain methods in connection with the operation of the Website, has infringed and continues to infringe one or more claims of the NCR Patents.  The Website, including the system or systems, including hardware, data, firmware, and software, that constitute the Website or make the operation of the Website possible, are referred to herein as the "Accused System."

**REPLY:**     Denied.

## **FIRST COUNTERCLAIM FOR RELIEF**

(Infringement of the '496 Patent)

61.     Counterclaimant NCR incorporates by reference the factual allegations set forth in paragraphs 1-60 as if set forth herein in full.

**REPLY:**     To the extent there are any factual allegations set forth in paragraphs 1-52 of NCR's Answer, denied.  Plaintiffs adopt their reply to paragraphs 53-60 above as if set forth herein in full.

62.     Counterclaimant NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a)     In violation of 35 U.S.C. § 271(a), (b) and/or (c), Counterdefendants have infringed and are infringing the '496 Patent by making, using, selling, or offering to sell the Accused System protected by one or more claims of the '496 Patent, and/or have induced or contributed to infringement of the '496 Patent;

**REPLY:**        Denied.

(b)        The infringement by Counterdefendants of NCR's '496 Patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

**REPLY:**        Denied.

(c)        The infringement by Counterdefendants of NCR's '496 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

**REPLY:**        Denied.

## SECOND COUNTERCLAIM FOR RELIEF

(Infringement of the '643 Patent)

63.        Counterclaimant NCR incorporates by reference the factual allegations set forth in paragraphs 1-62 as if set forth herein in full.

**REPLY:**        To the extent there are any factual allegations set forth in paragraphs 1-52 of NCR's Answer, denied.  Plaintiffs adopt their reply to paragraphs 53-62 above as if set forth herein in full.

64.        Counterclaimant NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a)     In violation of 35 U.S.C. § 271(a), (b) and/or (c), Counterdefendants have infringed and are infringing the '643 Patent by making, using, selling, or offering to sell the Accused System protected by one or more claims of the '643 Patent, and/or have induced or contributed to infringement of the '643 Patent;

**REPLY:**     Denied.

(b)     The infringement by Counterdefendants of NCR's '643 Patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

**REPLY:**     Denied.

(c)     The infringement by Counterdefendants of NCR's '643 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

**REPLY:**     Denied.

**THIRD COUNTERCLAIM FOR RELIEF**

(Infringement of the '791 Patent)

65.     Counterclaimant NCR incorporates by reference the factual allegations set forth in paragraphs 1-64 as if set forth herein in full.

**REPLY:**     To the extent there are any factual allegations set forth in paragraphs 1-52 of NCR's Answer, denied.  Plaintiffs adopt their reply to paragraphs 53-64 above as if set forth herein in full.

9

66.     Counterclaimant NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a)     In violation of 35 U.S.C. § 271(a), (b) and/or (c), Counterdefendants have infringed and are infringing the '791 Patent by making, using, selling, or offering to sell the Accused System protected by one or more claims of the '791 Patent, and/or have induced or contributed to infringement of the '791 Patent;

**REPLY:**     Denied.


(b)     The infringement by Counterdefendants of NCR's '791 Patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

**REPLY:**     Denied.


(c)     The infringement by Counterdefendants of NCR's '791 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

**REPLY:**     Denied.

## **FOURTH COUNTERCLAIM FOR RELIEF**

(Infringement of the '403 Patent)

67.     Counterclaimant NCR incorporates by reference the factual allegations set forth in paragraphs 1-66 as if set forth herein in full.

**REPLY:**     To the extent there are any factual allegations set forth in paragraphs 1-52 of NCR's Answer, denied.  Plaintiffs adopt their reply to paragraphs 53-66 above as if set forth herein in full.

68.     Counterclaimant NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a)     In violation of 35 U.S.C. § 271(a), (b) and/or (c), Counterdefendants have infringed and are infringing the '403 Patent by making, using, selling, or offering to sell the Accused System protected by one or more claims of the '403 Patent, and/or have induced or contributed to infringement of the '403 Patent;

**REPLY:**     Denied.

(b)     The infringement by Counterdefendants of NCR's '403 Patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

**REPLY:**     Denied.

(c)     The infringement by Counterdefendants of NCR's '403 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

**REPLY:**     Denied.

### FIFTH COUNTERCLAIM FOR RELIEF

(Infringement of the '997 Patent)

69.     Counterclaimant NCR incorporates by reference the factual allegations set forth in paragraphs 1-68 as if set forth herein in full.

**REPLY:**     To the extent there are any factual allegations set forth in paragraphs 1-52 of NCR's Answer, denied.  Plaintiffs adopt their reply to paragraphs 53-68 above as if set forth herein in full.

70.     Counterclaimant NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a)     In violation of 35 U.S.C. § 271(a), (b) and/or (c), Counterdefendants have infringed and are infringing the '997 Patent by making, using, selling, or offering to sell the Accused System protected by one or more claims of the '997 Patent, and/or have induced or contributed to infringement of the '997 Patent;

**REPLY:**     Denied.

(b)     The infringement by Counterdefendants of NCR's '997 Patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

**REPLY:**     Denied.


(c)     The infringement by Counterdefendants of NCR's '997 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

**REPLY:**     Denied.


**SIXTH COUNTERCLAIM FOR RELIEF**

(Infringement of the '203 Patent)

71.     Counterclaimant NCR incorporates by reference the factual allegations set forth in paragraphs 1-70 as if set forth herein in full.

**REPLY:**      To the extent there are any factual allegations set forth in paragraphs 1-52 of NCR's Answer, denied.  Plaintiffs adopt their reply to paragraphs 53-70 above as if set forth herein in full.


72.     Counterclaimant NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a)     In violation of 35 U.S.C. § 271(a), (b) and/or (c), Counterdefendants have infringed and are infringing the '203 Patent by making, using, selling, or offering to sell the

Accused System protected by one or more claims of the '203 Patent, and/or have induced or contributed to infringement of the '203 Patent;

**REPLY:**      Denied.

(b)      The infringement by Counterdefendants of NCR's '203 Patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

**REPLY:**      Denied.

(c)      The infringement by Counterdefendants of NCR's '203 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

**REPLY:**      Denied.

## SEVENTH COUNTERCLAIM FOR RELIEF

(Infringement of the '855 Patent)

73.      Counterclaimant NCR incorporates by reference the factual allegations set forth in paragraphs 1-72 as if set forth herein in full.

**REPLY:**      To the extent there are any factual allegations set forth in paragraphs 1-52 of NCR's Answer, denied.  Plaintiffs adopt their reply to paragraphs 53-72 above as if set forth herein in full.

74.     Counterclaimant NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a)     In violation of 35 U.S.C. § 271(a), (b) and/or (c), Counterdefendants have infringed and are infringing the '855 Patent by making, using, selling, or offering to sell the Accused System protected by one or more claims of the '855 Patent, and/or have induced or contributed to infringement of the '855 Patent;

**REPLY:**     Denied.

(b)     The infringement by Counterdefendants of NCR's '855 Patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

**REPLY:**     Denied.

(c)     The infringement by Counterdefendants of NCR's '855 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

**REPLY:**     Denied.

**EIGHTH COUNTERCLAIM FOR RELIEF**

(Infringement of the '096 Patent)

75.     Counterclaimant NCR incorporates by reference the factual allegations set forth in paragraphs 1-74 as if set forth herein in full.

**REPLY:**      To the extent there are any factual allegations set forth in paragraphs 1-52 of NCR's Answer, denied.  Plaintiffs adopt their reply to paragraphs 53-74 above as if set forth herein in full.

76.      Counterclaimant NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a)      In violation of 35 U.S.C. § 271(a), (b) and/or (c), Counterdefendants have infringed and are infringing the '096 Patent by making, using, selling, or offering to sell the Accused System protected by one or more claims of the '096 Patent, and/or have induced or contributed to infringement of the '096 Patent;

**REPLY:**      Denied.

(b)      The infringement by Counterdefendants of NCR's '096 Patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

**REPLY:**      Denied.

(c)      The infringement by Counterdefendants of NCR's '096 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

**REPLY:**      Denied.

## NINTH COUNTERCLAIM FOR RELIEF

(Infringement of the '931 Patent)

77.     Counterclaimant NCR incorporates by reference the factual allegations set forth in paragraphs 1-76 as if set forth herein in full.

**REPLY:**     To the extent there are any factual allegations set forth in paragraphs 1-52 of NCR's Answer, denied.  Plaintiffs adopt their reply to paragraphs 53-76 above as if set forth herein in full.


78.     Counterclaimant NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a)     In violation of 35 U.S.C. § 271(a), (b) and/or (c), Counterdefendants have infringed and are infringing the '931 Patent by making, using, selling, or offering to sell the Accused System protected by one or more claims of the '931 Patent, and/or have induced or contributed to infringement of the '931 Patent;

**REPLY:**     Denied.


(b)     The infringement by Counterdefendants of NCR's '931 Patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

**REPLY:**     Denied.

(c)     The infringement by Counterdefendants of NCR's '931 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

**REPLY:**     Denied.


### NCR'S PRAYER FOR RELIEF

WHEREFORE, NCR requests judgment:

(a)     That each of the NCR Patents, and claim thereof, are valid and enforceable;

**REPLY:**     Denied.


(b)     That Counterdefendants have infringed one or more claim of each of the NCR Patents and that their infringement has been willful;

**REPLY:**     Denied.


(c)     That NCR has been irreparably harmed by the infringing activities of Counterdefendants;

**REPLY:**     Denied.


(d)     That Counterdefendants, their officers, agents, servants, employees and those persons in active concert or participation with any of them, as well as all successors or assignees of the interests or assets related to the Accused Systems, be permanently enjoined from further infringement of the NCR Patents;

**REPLY:**     Denied.

(e)     That an accounting be had for the damages caused to NCR by the infringing activities of Counterdefendants;

**REPLY:**     Denied.

(f)     That NCR be awarded damages adequate to compensate for the infringement by Counterdefendants, which shall include lost profits but in no event shall be less than a reasonable royalty for the use made of the inventions of the NCR Patents by Counterdefendants, including pre- and post-judgment interest, costs, including expenses;

**REPLY:**     Denied.

(g)     That, once actual damages are assessed, damages so ascertained be trebled in view of the willful and deliberate nature of the infringement and be awarded to NCR, with interest;

**REPLY:**     Denied.

(h)     That this be declared an exceptional case and that NCR be awarded its attorneys' fees; and

**REPLY:**     Denied.

(i)     That NCR be awarded such further necessary or proper relief as this Court may deem just.

**REPLY:**     Denied.

## PLAINTIFFS' AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

### AFFIRMATIVE DEFENSE NO. 1
### INVALIDITY

1.      Each and every asserted claim of the NCR Patents is invalid for failure to comply

with Title 35, United States Code, including one or more of at least §§ 101, 102, 103, and 112.

### AFFIRMATIVE DEFENSE NO. 2
### NON-INFRINGEMENT

2.      No valid claim of the NCR Patents is infringed.

### AFFIRMATIVE DEFENSE NO. 3
### ESTOPPEL

3.      NCR is estopped in view of the prior art and/or by virtue of cancellations,

amendments, representations, and concessions, made to the United States Patent and Trademark

Office from construing any valid claim of the NCR Patents to be infringed or to have been

infringed by Plaintiffs.

### AFFIRMATIVE DEFENSE NO. 4
### LACHES AND EQUITABLE ESTOPPEL

4.      NCR's claims are barred by laches and equitable estoppel.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.


WHEREFORE, Plaintiffs and Counterclaim Defendants request judgment:

(i)     dismissing NCR's counterclaims with prejudice;

(ii)    that this is an exceptional case under 35 U.S.C. § 285 entitling Plaintiffs to an award of their attorneys' fees; and

(iii)   awarding Plaintiffs such other and further relief as may be justified and proper.



Dated:  June 4, 2007           Respectfully submitted,

                              s/ James R. Sobieraj

                          James R. Sobieraj
                          Ralph J. Gabric
                          Jason C. White
                          Manish K. Mehta
                          BRINKS HOFER GILSON & LIONE
                          455 North Cityfront Plaza Drive
                          NBC Tower – Suite 3600
                          Chicago, Illinois  60611-5599
                          Telephone:  (312) 321-4200
                          Facsimile:  (312) 321-4299

                          Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing PLAINTIFFS' REPLY TO COUNTERCLAIMS is being served on the 4th day of June 2007, to the following attorney of record in the manner indicated.


Via filing with the Clerk of the Court using the Case Management/Electronic Case Filing ("CM/ECF") system:

Paul R. Gupta
Orrick Herrington & Sutcliffe LLP
666 Fifth Ave., 20th Fl.
New York, NY 10103
(212) 506-5145
pgupta@orrick.com

Attorney for Defendant NCR Corporation


s/ James R. Sobieraj_____
BRINKS HOFER GILSON & LIONE
455 North Cityfront Plaza Drive
NBC Tower – Suite 3600
Chicago, Illinois  60611-5599
Telephone:  (312) 321-4200
Facsimile:  (312) 321-4299